UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID GASKINS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SHERIFF ROBERT E. UNTIG; JOHN G. ARMENO, Undersheriff; VIRGIL R. ROME, JR., Bureau of Law Enforcement; DAVID DIMARCO, Bureau of Corrections.**<br><br>**Defendants.** | 08-CV-3277 (WJM)<br><br><br>**ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's application for pro bono counsel and Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). Both motions are unopposed. There was no oral argument. Fed. R. Civ. P. 78.

Plaintiff David Gaskins, appearing *pro se*, filed a § 1983 complaint against the Sussex County Sheriff and three corrections officials, alleging unsanitary confinement conditions at the Sussex County Jail. Plaintiff's petition to proceed *in forma pauperis* was granted by this Court on August 5, 2008. Shortly thereafter, Plaintiff filed the instant motion requesting the appointment of pro bono counsel. Defendants filed the instant motion to dismiss on September 15, 2008.

An indigent civil litigant has neither a statutory nor a constitutional right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). With respect to lawsuits filed by prisoners, the appointment of counsel is within the Court's discretion. 28 U.S.C. § 1915(e)(1); *Tabron v. Grace*, 6 F.3d 147, 155 n.4 (3d Cir. 1993).

In considering whether to appoint counsel, the Third Circuit requires that the district court first evaluate, as a threshold matter, the merits of plaintiff's claim. *Id.* at 155. Only if Plaintiff's claim

has "arguable merit in fact and law" should the court then delve into the fact-specific consideration of whether Plaintiff is capable of trying his or her case. *Id.* at 155-56.

There is no need to proceed to that second step here.  By his own admission, Plaintiff has sought neither formal nor informal relief from the appropriate administrative officials at the Sussex County Jail. Compl. at 5.  Since a prisoner litigant is required to exhaust administrative remedies before filing a § 1983 complaint, this claim has no arguable merit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  Therefore, Plaintiff's application for pro bono counsel is denied.

For the same reason, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff did not exhaust his administrative remedies prior to bringing suit regarding prison conditions.  As such, no claim can lie at this time. *See id.*  For the foregoing reasons, and for good cause appearing;

**IT IS** on this 14th day of November 2008, hereby

**ORDERED** that Plaintiff's application for pro bono counsel is **DENIED**; it is

**FURTHER ORDERED** that Defendants' motion to dismiss is **GRANTED**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**